**Reuben CHUMLEY et al., Appellants,**

v.

**W. M. COX et al., Appellees.**

Court of Appeals of Kentucky.

March 7, 1958.

Joe S. Feather, Pleas Jones, Williamsburg, for appellants.

H. M. Sutton, Corbin, for appellees.

MILLIKEN, Judge.

This appeal involves claims of the appellants, former employees of the Utilities Board of the City of Corbin, for premium pay for Sundays worked by them from January 1, 1950, through April 7, 1955, when the Board ceased to operate its plant and began buying electricity from the Kentucky Utilities Company which resulted in the Board's employees (appellants here) being thrown out of work. The trial court adjudged that the employees of the Board were not entitled to premium pay for their Sunday work, and the employees' appeal is before us upon an agreed "Statement Of The Case For Use On Appeal."

The claims of the employees are based upon KRS 337.050 which provides that any employer who permits any employee to work seven days a week in any one work week shall pay him at the rate of time and a half for time worked on the seventh day, and they further base their claims upon Ordinance No. 1709, enacted by the City of Corbin in 1946, which provided that "all employees of the light and water plant, working by the hour, except pump station men will be paid time-and-a-half for Sundays." It was stipulated that the City turned over management of its public util-

ities to a Utilities Board on May 17, 1948, and that at all times since then "absolute control of the plant in every respect, including operation and physical management and payment of wages and salaries, has been exercised by the City Utilities Commission (Board); and that a resolution of said Board enacted July 16, 1949, placed all of the plaintiffs (employees) on an hourly rate; * * * that said resolution specifically repealed all ordinances and resolutions in conflict therewith, and that said resolution did not provide for any overtime for Sunday work."

In defense against the claims, the Board points out that, by the terms of KRS 337.-010(2), employees of the state or any political subdivision thereof are excluded from the provisions of KRS 337.050 which is the statute relied upon by the employees as the basis of their respective claims and that, furthermore, increases in pay had been given the employees from time to time during the Board's management of the plant and the employees accepted the increases and made no claim for premium pay until more than six months after the Board ceased to operate the utilities plant.

In order to supply continuity in and skilled management of publicly owned utilities and, perhaps, to assist in marketing revenue bonds, cities of the third class, such as Corbin, were empowered by the General Assembly in 1946 to turn over their utilities to the management of a five-man board which "shall be and hereby is declared to be a body-politic and corporate, with perpetual succession; and said board may contract and be contracted with, sue and be sued, in and by its corporate name * *." KRS 96.172. The Board was empowered to select its own employees, KRS 96.173(3) and KRS 96.176(2), and the City was absolved from liability for the payment of the salaries of any of the Board's employees, KRS 96.173(3).

It will thus be seen the appellants were employees of the Board from the time of its inception and not employees of the City;

they were paid by the Board from revenues of the Board and, as a consequence, were subject to the compensation program approved by the Board. Since the Board is "a body-politic and corporate," it is a political subdivision of the state and is expressly excepted by KRS 337.010(2) from the premium pay obligation of KRS 337.050.

It follows that the employees (appellants) are not entitled to the premium pay claimed, and the judgment is affirmed.